## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

CHRISTOPHER CHE CHI,

     Plaintiff,

    v.                                                    Civil Action No. 8:21-cv-01599-PX

LOUIS DEJOY,
POSTMASTER GENERAL,

     Defendant.

\*\*\*

## <u>MEMORANDUM OPINION</u>

Pending before the Court in this employment discrimination action is the motion to dismiss filed by Defendant Louis DeJoy, United States Postmaster General, on behalf of the United States Postal Service ("USPS"). ECF No. 12. Plaintiff Christopher Che Chi has responded, and no hearing is necessary. *See* Loc. R. 105.6. For the reasons stated below, Defendant's Motion is GRANTED.

### I.    Background[1]

In 2018, Chi emigrated from Cameroon, authorized as a lawful permanent resident to work in the United States through the Diversity Visa Program. ECF Nos. 4 at 1, 25;14-3. In 2019, Chi applied for more than two dozen job vacancies with USPS and scored well on qualifying assessments. ECF No. 4 at 1–2, 29–32. As a result, USPS extended him conditional offers of employment, all contingent on "meeting medical, eligibility, suitability, and background-investigation requirements." ECF No. 4 at 44–52, 23–28. In connection with these potential positions, Chi passed a motor vehicle record search, pre-employment drug test, and a "GIS" background check. ECF No. 4 at 2, 23–24, 27, 33–37.

---

[1] The following facts are accepted as true and construed most favorably to Chi. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

However, one final screening eluded Chi.  ECF No. 4 at 27–28.  USPS mandates that all potential employees submit to a criminal background check known as the National Agency Check with Inquiries ("NACI").  ECF No. 4 at 27–28, 39.  The NACI background check reviews for adverse information only in domestic databases going back five years.  ECF No. 12-1 at 2; *see* ECF No. 4 at 10, 24–28, 42.  Consequently, any applicant who has not resided in the United States for at least five years cannot complete the NACI background check.  ECF No. 12-1 at 2.  Thus, USPS expressly warned in its job posting,

> [the] criminal background check is conducted using United States information resources only (e.g, FBI fingerprint check, state and county checks).  A criminal background check involves a 5-year inquiry for any location where the individual has resided, worked or gone to school within the United States or its territories.  As a result of this limitation, the criminal background checks of individuals who have not resided in the United States or its territories for the preceding 5-years may not be considered complete.  . . . *If the [USPS] is unable to perform a complete background check because of residency outside the United States, such individuals will be ineligible for Postal employment.*

ECF No. 12-1 at 2 (emphasis added).[2]

At the time of his application, Chi had resided in the United States for only eighteen months, and so his NACI check could not be completed.  ECF No. 4 at 23–24; *see* ECF No. 14-3.  Based on this, USPS declined to offer Chi employment.

Thereafter, Chi filed a formal charge with the Equal Employment Opportunity Commission ("EEOC"), alleging that USPS had not selected him on account of his national origin and age.  He received a right-to-sue notice on February 4, 2021.  ECF No. 4 at 6–7, 26–28.  On May 3, 2021, Chi filed suit in the Circuit Court for Prince George's County.  ECF No. 4.  USPS next noted removal to this Court on June 29, 2021 (ECF No. 1) and on September 20, 2021, USPS moved to dismiss Chi's Complaint with prejudice.  ECF No. 12.

---

[2] The Complaint expressly notes that the job announcement for this position included this advisement.  ECF No. 4 at 27–28.

## II.     Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  The Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff.  *Ibarra*, 120 F.3d at 474.  To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).  The Court must be able to deduce "more than the mere possibility of misconduct"; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief.  *See Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015) (quoting *Iqbal*, 556 U.S. at 679), *aff'd in relevant part*, 659 F. App'x 744 (4th Cir. 2016).

Because Chi proceeds pro se, the Court must give his pleadings an especially charitable reading so to let all potentially viable claims proceed on the merits.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  But "even a *pro se* complaint must be dismissed if it does not allege a 'plausible claim for relief.'"  *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D. Md. Dec. 4, 2012) (quoting *Iqbal*, 556 U.S. at 679).  Ultimately, a complaint must "permit the court to infer more than the mere possibility of misconduct based upon its judicial experience and common sense."  *Coleman v. Md. Ct. App.*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679) (internal quotes and alterations omitted).

Generally, the Court may not consider extrinsic evidence not attached to the Complaint in

ruling on a Rule 12(b)(6) motion.  *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015).  However, documents appended to pleadings also may be considered if authentic and integral to the complaint allegations.  *Id.* at 606–07 (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)).  USPS attaches to its motion the formal job announcement at the heart of this action; Chi does not challenge its authenticity, and so the Court will consider it.  ECF Nos. 12-1; 14 at 8.  Chi likewise attaches documents from the EEOC administrative process that corroborate many Complaint facts.  Thus, in fairness to Chi, the Court considers them as well.

## III.   Discussion

Reading the Complaint most favorably to Chi, he contends that USPS' refusal to hire him amounts to national origin and age discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), respectively.  For both national origin and age discrimination, Chi must make a prima facie showing that he is a member of a protected class, he applied for a position for which he was qualified, and that his non-selection had been motivated by discriminatory animus.  *E.g.*, *E.E.O.C. v. Sears Roebuck & Co.*, 243 F.3d 846, 851 (4th Cir. 2001).  Although the pleading burden is low, *see Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616–17 (4th Cir. 2020) (citing *Coleman*, 626 F.3d at 190), Chi still must aver *some* facts that make the claim plausible on its face, *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015) (citations, quotation marks, and alterations omitted); *see Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009), *Westmoreland v. TWC Admin. LLC*, 924 F.3d 718, 725 (4th Cir. 2019).

The USPS principally contends that the claims fail because Chi was not qualified for the open positions in that he could not complete the requisite background check.  ECF No. 12 at 4–6.

4

Chi does not dispute this fact, as he readily acknowledges that he had resided in the United States for only eighteen months at the time he applied to USPS.  ECF Nos. 4 at 23, 14-3.  Nor is it disputed that all offers of employment to Chi were conditioned on his passing all required background checks.  ECF Nos. 4 at 23–24, 44–52; 12 at 4–6.  Nonetheless, Chi argues that because he passed other tests and assessments, this five-year residency requirement for a NACI background check appears suspect.  ECF Nos. 4 at 23–28; 14 at 9–12.

But Chi's mere disagreement with the USPS precondition alone is insufficient to state a claim of discrimination.  Chi may question the wisdom of USPS' requirements, but the fact remains that he could not obtain a completed NACI background check necessary for his hiring.  *See Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 248 (E.D.N.Y. 2015) (dismissing Title VII discrimination claim in part because plaintiff failed to allege he was qualified for position at the time of adverse employment action); *cf., e.g.*, *Strong v. Orkand Corp.*, 83 F. App'x 751, 753 (6th Cir. 2003) (affirming summary judgment against applicant's Title VII discrimination claim because applicant failed background check and "[t]he condition of a favorable security clearance is a requirement of the United States Postal Service."), *Billberry v. City of Los Angeles*, No. CV 09-03827 MMM, 2011 WL 13177283, at *7–8 (C.D. Cal. Mar. 22, 2011) (granting summary judgment on Title VII discrimination claim against applicant when he failed city's background check and thus could not show he qualified for the position).  Nor does Chi aver any facts that the requirement itself had been implemented so as to exclude otherwise qualified candidates on account of age or national origin.  Accordingly, because the Complaint fails to make plausible that Chi had been otherwise qualified for hire, dismissal is warranted.

For the same reason, the Court cannot envision how Chi could cure this pleading deficiency.  Chi does not dispute that USPS required the NACI background check and that he did

not—and cannot—meet the residency requirements to complete it.  ECF Nos. 4 at 23–25; 14 at 9–10; *see* ECF No. 14-3.  Given this, no set of facts permit Chi to demonstrate that he met this qualification for employment at USPS.  Thus, the Court must dismiss the Complaint with prejudice.

A separate Order follows.


04/15/2022                                          ____/s/_____
Date                                                      Paula Xinis
                                                             United States District Judge